<u>**NOT FOR PUBLICATION**</u>

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | |
| DOUGLAS and DEBORAH ROBERTSON, | Civil Action No. 09-4181 (GEB) |
| Debtors. | **MEMORANDUM OPINION** |
| CAROL L. BARON, | |
| Defendant/Appellant, | |
| v. | |
| DOUGLAS and DEBORAH ROBERTSON, | |
| Plaintiffs/Appellees. | |

<u>**BROWN, Chief Judge**</u>

This matter comes before the Court upon an appeal of Carol L. Baron ("Appellant") from an order dated July 14, 2009, of the Honorable Michael B. Kaplan, U.S.B.J. The Court has considered the parties' submissions and decided the matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons that follow, the Court will dismiss the appeal.

**I.      BACKGROUND**

The factual history underlying the instant bankruptcy appeal is undisputed. Appellee

Deborah Robertson ("Appellee Mrs. Robertson") inherited from her grandmother a fifty percent interest in real property located at 70 Gladney Avenue, Toms River, New Jersey ("Subject Property").  Her grandmother also designated Appellee Mrs. Robertson as the testamentary trustee for the benefit of her grandmother's son, Edward Koziatek, with respect to the remaining fifty percent interest.  Upon Edward Koziatek's death, his interest would vest in Appellee Mrs. Robertson.  (Mem. Op. Dec. 1, 2008 at 2.)  Appellee Mrs. Robertson failed to pay her taxes in connection to the Subject Property, which led to the instant dispute.

On June 8, 2005, the tax collector of Dover Township issued the tax sale certificate to Julius M. Bader Trust[1] because taxes were unpaid in the amount of $702.30.  (Appellant's Br. at 3.)  The Township issued tax sale certificate no. 05-00104, which was recorded on June 30, 2005, by John M Baron, Esq., Appellant's attorney.  (Id.)  Tax sale certificate no. 05-00104 was subsequently assigned to Appellant on May 29, 2006, and this was recorded on June 6, 2007.  (Id. at 4.)  Appellant filed an action in the Superior Court of New Jersey to foreclose tax sale certificate no. 05-00104, and the state court ordered Appellees to redeem by January 18, 2008.  (Id. at 4.)  The state court entered a final judgment of forfeiture of $702.30 with respect to the subject property in favor of Appellant on March 14, 2008.  (Mem. Op. Dec. 1, 2008 at 3.)

However, also on March 14, 2008, at 3:44 P.M., Appellees filed a voluntary petition for bankruptcy pursuant to Chapter 13.  (Id. at 2.)  Listed in "Schedule D – Creditors Holding Secured Claims," there appears an entry of "ACCOUNT NO. 05-00104" for a "2003-2004 Sewer Lien" and the secured creditor is identified as "Julius M. Bader Trust, Carol L. Baron, PO Box

---

[1]     Appellant asserts that "[t]he tax collector made a typographical error and issued the tax sale certificate in the name of 'Julius M. Bader Trust', not Julius M. Bader Trust B." (Appellant's Br. at 3-4.)

952197, Lake Mary, FL 32795-2197," and another entry is listed below and identified as "Assignee or other notification for Julius M. Bader Trust" being "John M. Baron, Esq., 328 Brookhaven Pl., Lake Mary, FL 32746-4034." (ROA 2 at 1.)[2]  Notice of the Appellee's Chapter 13 petition was sent to "Julius M. Bader Trust" at their address, and it was received by John M. Bader, Esq. (8/14/09 Tr. 6:13-20.)  Neither the Julius M. Bader Trust nor Carol Baron filed proof of claim prior to July 9, 2008, the date set by the Bankruptcy Court. (ROA 1 at 1.) Further, neither the Julius M. Bader Trust nor Carol Baron filed objection to the Plan, which was subsequently confirmed at a hearing on May 27, 2008. (ROA 5 at 1.) The Confirmation Order was entered on May 29, 2008, and it provides that "upon completion of the plan, affected secured creditors shall take all steps necessary to remove of record any lien or portion of lien discharged." (ROA 5 at 3.)

    Pursuant to the Plan, Appellees listed the Subject Property for sale, but when a prospective purchaser went to the Subject Property, Appellees discovered that the locks had been changed. (Certif. of Marc. C. Capone, Nov. 8, 2008, ¶17, attached to Order to Show Cause.)  On November 11, 2008, Appellees filed a verified complaint and an order to show cause for mandatory injunctive relief, for a declaratory judgment, and for sanctions, naming the Julius M. Bader Trust and Carol L. Baron as defendants. (Compl. Nov. 11, 2008.)  In response, the Julius M. Bader Trust filed a motion to dismiss, and Judge Kaplan heard oral argument on December 1, 2008. (Mem. Op. Dec. 1, 2008, at 2.)  Judge Kaplan granted Appellees' motion for injunctive relief and for declaratory judgment on December 3, 2008. (Order Dec. 3, 2008.)  The

---

[2]     "ROA" indicates reference to the parties' joint record on appeal, submitted to this Court.

Bankruptcy Judge held that Appellee's "[b]ankruptcy filing on March 14, 2008 operated to automatically stay the foreclosure proceeding rendering the subsequent entry of judgment in favor of [Appellant] void ab initio" and that "the confirmation order of [Appellee's] plan is res judicata as to [Appellant's] efforts to seek dismissal and contest confirmation of the plan and the confirmed plan's treatment of [Appellees'] claim is binding on [Appellant]." (Id.)

On August 14, 2009, Appellee brought a motion to sell the Subject Property before the Bankruptcy Court. Appellant objected to the motion. John Bader, who is counsel for Julius M. Bader Trust, Julius M. Bader Trust A, Julius M. Bader Trust B, and Appellant Carol Baron, asserted before Judge Kaplan on August 14, 2009, that he only ever received notice of Appellee's Chapter 13 petition as to "Julius M. Bader Trust" and not for Appellant or for the other trusts. (Id.) He argued, therefore, that because the other entities had not received official notice, Appellant did not file her proof of claim with the Bankruptcy Court. (8/14/09 Tr. 8:6-9.) Further, Appellant argued that "secured liens are supposed to pass through bankruptcy unaffected" and therefore, the confirmation plan should not affect Appellant's interest. (8/14/09 Tr. 11:2-3.) With respect to the objection regarding lack of adequate notice, the Judge Kaplan commented:

> I'm astounded, I have to admit. It didn't seem logical that when
> you received notice on behalf of one client that was affecting the
> interest of another client, you wouldn't have taken action on that,
> you would have just put it back in the drawer? Oh, that's the other
> client. I don't want to worry about it.

(Id. at 8:13-18.) Judge Kaplan thereafter held:

> The Court today finds and reaffirms that there was . . .
> sufficient notice to the movant of the terms and conditions of the
> plan while an unrelated entity with no commonality among

> ownership or agents might possess a stronger argument to take issue with the notice provided as to the plan.
>
> The Court finds that with the identification of the tax sale certificate at issue within the petition schedules and plan and with the acknowledged receipt of the proposed plan by counsel, the Court finds there . . . to have been sufficient notice.

(Id. at 13:6-18.)  Finally, Judge Kaplan stated that the Bankruptcy Court is "bound by . . . law of the case as [to] the issues of the enforceability of the plan with respect to the lien at issue has been predetermined accordingly."  (Id. at 13:24-25 to 14:1.)  The Court, therefore, approved Appellees' motion for sale and overruled Appellant's objections.

Appellant filed notice of appeal on August 13, 2009.  (Doc. No. 1.)  Appellant states that she appeals Judge Kaplan's July 14, 2009 Order Authorizing Sale of Real Property.  (Doc. No. 1-1.) Appellant argues that the Bankruptcy Court erred when it voided Appellant's tax sale certificate when the lien secured by the tax sale certificate was improperly scheduled by Appellees, and where no pre-confirmation adversary proceeding was brought by debtors. (Appellant's Br. at 10-44; Doc. No. 6.)  Appellee argues that Appellant's appeal should be denied pursuant to Bankruptcy Rule 8002 as out of time.  (Appellee's Br. at 10; Doc. No. 8.) Alternatively, Appellee argues that pursuant to the doctrine of res judicata, the Plan's terms bind this Court, and therefore, the Court should deny the appeal.  (Id. at 15-16.)

## II.     DISCUSSION

Bankruptcy Rule 8013 provides that the district court "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." FED. R. BANKR. P. 8013.  Bankruptcy Rule 8002 provides that notice of appeal

5

must be filed within ten[3] days "of the date of the entry of judgment, order, or decree appealed from." FED. R. BANKR. P. 8002(a).  Rule 8002 is jurisdictional in nature, and therefore, "[t]he failure to file a timely notice of appeal [from a Bankruptcy Court order] creates a jurisdictional defect barring appellate review." Taylor v. Taylor (In re Taylor), 343 Fed. Appx. 753, 755 n.1 (3d Cir. Sept. 2, 2009) (citing Shareholders v. Sound Radio, Inc., 109 F.3d 873, 879 (3d Cir. 1997)) (internal quotations omitted).  But see Bowles v. Russell, 551 U.S. 205, 209-13 (2007); Eberhart v. United States, 546 U.S. 12, 15-17 (2005); Kontrick v. Ryan, 540 U.S. 443, 452-56 (2004).  "[S]erial attempts to obtain the same relief do not afford the movant with the protection of a renewed time period in which to appeal." In re Ceda Mills, Inc., No. 09-181, 2009 U.S. Dist. LEXIS 80787, at *12 (W.D. Pa. Sept. 4, 2009).  "The issue . . . is whether 'the factual and legal issues surrounding the [first order] and the [second order] are roughly similar." Taylor, 343 Fed. Appx. at 756 (citing Turner v. Evers, 726 F.2d 112, 114 (3d Cir. 1984)).

Here, while Appellant purports to file appeal from the July 14, 2009 Order, the factual and legal issues addressed by Judge Kaplan at the Motion for an Order of Sale were substantially similar to those addressed by way of Judge Kaplan's December 3, 2008 Order and by way of the May 29, 2008 Confirmation Order.  Appellant filed notice of appeal in this matter on August 13, 2009.  Therefore, even if the issues addressed by the previous orders were not substantially similar, Appellant's notice of appeal is untimely.  The Court therefore lacks jurisdiction in this matter.  Moreover, while Appellant asserts that formal notice was not provided to her, Appellant's attorney, John Baron, Esq., conceded at a hearing in the Bankruptcy Court that he

---

[3] Effective December 1, 2009, the Rule was amended to provide an appellant with fourteen days within which to file notice of appeal.  Because Appellant filed notice of appeal in this matter prior to December 1, 2009, the Court will apply the previous ten day window.

6

represents the Julius M. Bader Trusts and Appellant, and he had actual knowledge of the Appellees' Chapter 13 petition.  See In re Muse, 289 B.R. 619, 623 (Bankr. W.D. Pa. 2003); In re Williamson, 15 F.3d 1037, 1039 (11th Cir. 1994) (affirming Durham Ritz, Inc. v. Williamson, 145 B.R. 329, 331 (Bankr. N.D. Ala. 1992), which stated that "a creditor who has actual knowledge of a pending bankruptcy case [is required] to take the appropriate action to assert its claim or file its complaint in a timely matter, regardless of whether the creditor received any official notice from the Court"); In re Compton, 891 F.2d 1180, 1185-86 (5th Cir. 1990); In re Green, 876 F.2d 854, 856 (10th Cir. 1989).

### III.   CONCLUSION

For the foregoing reasons, the Court dismisses the appeal.  An appropriate form of order accompanies this opinion.


Dated: April 26, 2010


                                             s/ Garrett E. Brown, Jr.
                                             GARRETT E. BROWN, JR., U.S.D.J.